IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DESMOND DARNELL DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 326-001 |
| | ) | |
| OFFICER JONES; UNIT MANAGER STRETCHER; RISK MANAGEMENT DIVISION, Department of Administrative Services; and JOHNSON STATE PRISON, | ) ) ) ) ) ) | |
| | ) | |
| Defendants.[1] | ) | |

**O R D E R**

On October 2, 2025, Plaintiff, currently incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, filed a complaint in the Middle District of Georgia. Daniels v. Georgia Dep't of Corr., 5:25-cv-00429 (M.D. Ga. Oct. 2, 2025). On January 5, 2026, United States District Judge C. Ashley Royal dismissed the Georgia Department of Corrections ("DOC"), and transferred the remainder of the case to the Southern District of Georgia because the events underlying Plaintiff's claims allegedly occurred at JSP. (See doc. no. 5.)

**I.   Plaintiff Must Submit His Claims on the Standard Form Used by Incarcerated Litigants in the Southern District of Georgia**

As Plaintiff commenced his case in the Middle District of Georgia, Plaintiff did not submit his claims on the standard complaint form used by incarcerated litigants in the Southern

---

[1] The Court **DIRECTS** the **CLERK** to update the name of Risk Management Department on the docket in accordance with the above caption, which is consistent with the complaint. (Doc. no. 1, p. 1.)

District of Georgia, and he has not provided the information that the Southern District requires. Moreover, factual detail concerning the DOC and claim against it are no longer relevant to the remaining claims in the case. (See generally doc. no. 1.) Additionally, in its current form, the complaint also has multiple pleading deficiencies. For example, Plaintiff names JSP as a Defendant, but prisons are not legal entities subject to liability in § 1983 claims. See Jamelson v. Unnamed Defendant, No. CV 617-103, 2017 WL 6503630, at *2 (S.D. Ga. Dec. 19, 2017) (holding "Georgia State Prison . . . is not a separate legal entity capable of being sued"), *adopted by* 2018 WL 616142 (S.D. Ga. Jan. 29, 2018); Parks v. Georgia, No. CV 517-047, 2017 WL 2930832, at *3 (S.D. Ga. July 10, 2017) (holding "penal institutions . . . are generally not considered legal entities subject to suit"). Nor does Plaintiff allege any wrong-doing against Defendant Risk Management Division but instead appears to identify this entity as a source of payment for any damages that may be recovered in the lawsuit. (See doc. no. 1, p. 6.)

Therefore, if Plaintiff wishes to proceed with this case, he **MUST**, within fourteen days of the date of this Order, file a complete amended complaint on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, and include only the information regarding the claims remaining after transfer to this District. The Court **DIRECTS** the **CLERK** to attach a standard form complaint alleging violations of civil rights used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order. The Statement of Claim must not exceed six handwritten pages attached to the standard form. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff. Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his amended complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with

the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

## II.   Motion Pending Upon Transfer to the Southern District of Georgia

When the case arrived in this District, there was a "Motion of Consent" pending, which bears a signature date of October 12, 2025, and requests this case be heard by a jury. The Court recognizes Plaintiff's request under Fed. R. Civ. P. 38, and **DIRECTS** the **CLERK** to add a jury flag to the docket and then **TERMINATE** the pending motion, (doc. no. 4).

## III.   Conclusion

If Plaintiff wishes to proceed with this case, within fourteen days of the undersigned date, he must file an amended complaint in accordance with the terms of this Order. If no timely response is received from Plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will recommend dismissal of this action, without prejudice. As explained above, a jury flag shall be added to the docket, and the Clerk shall terminate the "Motion of Consent." (Doc. no. 4.)

Finally, Plaintiff is cautioned that while this action is pending, he shall immediately inform this Court of any change of address. Failure to do so will result in dismissal of this case.

SO ORDERED this 13th day of January, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA