IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DESMOND DARNELL DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 326-001 |
| | ) | |
| OFFICER JONES; UNIT MANAGER | ) | |
| STRETCHER; RISK MANAGEMENT | ) | |
| DIVISION, Department of | ) | |
| Administrative Services; and JOHNSON | ) | |
| STATE PRISON, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, incarcerated at at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Plaintiff originally filed his complaint in the Middle District of Georgia. Daniels v. Georgia Dep't of Corr., 5:25-cv-00429 (M.D. Ga. Oct. 2, 2025). On January 5, 2026, United States District Judge C. Ashley Royal dismissed the Georgia Department of Corrections ("DOC"), and transferred the remainder of the case to the Southern District of Georgia because the events underlying Plaintiff's claims allegedly occurred at JSP. (See doc. no. 5.) Because Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). On January 13, 2026, recognizing Plaintiff had not provided information that the Southern District requires because he had commenced the case in the Middle District, factual detail related to the claims dismissed in that District were no

longer relevant to the claims remaining in this District, and the remaining claims had several pleading deficiencies, the Court directed Plaintiff to submit an amended complaint within fourteen days, and provided instructions regarding amending the complaint. (See doc. no. 8, pp. 1-4.) The Court also provided Plaintiff the standard complaint form and cautioned him that failing to timely submit an amended complaint would be an election to have this case voluntarily dismissed without prejudice. (Id. at 4; doc. no. 8-1.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's January 13th Order. Nor has he provided the Court with any explanation why he has not complied.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Also, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, sua sponte . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c). Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to comply with the Court's prior Order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Plaintiff has been warned that failing to submit an amended complaint would be an election to have his case voluntarily dismissed. (See doc. no. 8, p. 4.) As Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction. As the time to respond has passed and Plaintiff has not submitted the requisite amended complaint, dismissal is appropriate.

The Court recognizes that Plaintiff is proceeding *pro se* and acknowledges that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Cordes v. Chipi, 773 F. App'x 551, 552-53 (11th Cir. 2019) (*per curiam*); Dickson v. Georgia State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to pursue the case in accordance with the rules and orders of the Court. Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of February, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).